UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTONIO NOLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00611-SEB-TAB |
| | ) | |
| HOLDRIETH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting in Part and Denying in Part Motion for Summary Judgment**

Plaintiff Antonio Nolan, an Indiana inmate, brought this lawsuit pursuant to 42 U.S.C.

§ 1983 alleging that when he was confined at the Bartholomew County Jail, he was subject to

unconstitutional conditions of confinement. Dkt. 16. The defendants move for summary judgment

arguing that Mr. Nolan failed to exhaust his available administrative remedies as required by the

Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the

motion for summary judgment is **granted in part and denied in part**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that there is no genuine dispute as

to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party

must support the asserted fact by citing to particular parts of the record, including depositions,

documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the

adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

Mr. Nolan was an inmate at the Bartholomew County Jail at the time of the alleged incidents. *See* dkt. 31-1 p. 2 ¶ 5. He alleges in his amended complaint that when he was at the Jail, his cell was contaminated with black mold. Sergeant Holdreith and Rick Thompson[1] cleaned the mold from another cell, but not his cell. Dkt. 16. Mr. Nolan also asserts that there was fecal matter on the walls in the day room. *Id.*

The Bartholomew County Jail has an inmate grievance procedure, which is set forth in the Inmate Handbook. Dkt. 31-1 p. 1 ¶ 3, p. 4. Grievance forms are available to inmates on the medication cart. Dkt. 31-1 p. 2 ¶ 4. The grievance policy states: "Any and all complaints or grievances concerning the jail's condition, functions, or staff, will be forwarded to the administrative staff of the jail." Dkt. 31-1, p. 4. Under the grievance procedure, a grievance must be submitted within 72 hours of the occurrence. *Id.* An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.* Mr. Nolan signed an acknowledgement that he read and understood the jail rules. *Id.* p. 5.

In a grievance dated February 17, 2020, Mr. Nolan alleged that he was being exposed to black surface mold in his shower and on the ceiling and requested that the matter be looked into.

---

[1] Mr. Nolan identifies this defendant in the Amended Complaint as Maintenance Rick, but the defendants confirm that his name is Rick Thompson.

Dkt. 31-1, p. 9. The response is dated February 25 and states that the issue was looked into, and there was no mold in the cellblock. *Id.*

Mr. Nolan submitted a grievance dated June 13, 2020 alleging that he had been in the Jail for seven months and that there was fecal matter and toilet paper in the dayroom where inmates eat, exercise, and socialize. *Id.*, p. 13. The grievance further alleged that there was black surface mold in Mr. Nolan's cell on the ceiling, around the shower, and outside the shower. *Id.* Mr. Nolan said he needed a new or better shower curtain. *Id.* The response indicated a work order had been placed for the items on the wall and for a shower curtain. *Id.* It also said the area was checked for black mold and came back with zero spores. *Id.* Finally, the response said that Mr. Nolan is required to clean his cell. *Id.*

### III. Discussion

The defendants seek summary judgment arguing that that Mr. Nolan failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

A. *PLRA Requirements*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

B. *Mold*

Mr. Nolan did submit a grievance complaining about mold in his cell. Dkt. 31-1, p. 9. But the defendants argue that Mr. Nolan failed to exhaust his available administrative remedies regarding his complaint that his cell was infested with mold because his grievance did not assert, as he claims in the complaint, that Sergeant Holdreith and Mr. Thompson cleaned another cell, but not his.

The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650.

Here, it is undisputed that Mr. Nolan filed a grievance about the alleged mold in his cell. Dkt. 31-1, p. 9. His grievance was sufficient to provide jail officials notice of his complaints. And the jail's grievance policy simply states that "complaints or grievances concerning the jail's condition, functions, or staff, will be forwarded to the administrative staff of the jail." Dkt. 31-1, p. 4. This policy did not require him to specifically identify the person's responsible for that condition. Accordingly, the defendants have not shown that Mr. Nolan failed to exhaust his available administrative remedies regarding his mold complaint by submitting this grievance.

The Court further notes that the undisputed record reflects that Mr. Nolan did exhaust his administrative remedies regarding his claim regarding black mold. Accordingly, the defendants will be directed to show cause why summary judgment should not be issued in Mr. Nolan's favor on this issue.

C. *Fecal Matter*

The defendants argue that Mr. Nolan failed to exhaust his administrative remedies regarding the alleged fecal matter in the day room because he did not file his grievance before he filed this lawsuit. The PLRA requires that an inmate exhaust his available administrative remedies before he files suit. *See Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.") (internal citations omitted).

Mr. Nolan filed this lawsuit on February 24, 2020. It is undisputed that he filed his grievance alleging fecal matter in the day room on June 13, 2020. Dkt. 31-1, p. 13. He therefore failed to exhaust his available administrative remedies as to this claim before he filed this lawsuit.[2]

## IV. Conclusion and Rule 56(f) Notice

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [31], is **granted in part and denied in part**. The motion is **granted** to the extent that Mr. Nolan failed to exhaust his available administrative remedies regarding his fecal matter claim before his filed this lawsuit. That claim is dismissed without prejudice. No partial final judgment shall issue as to this claim. *See Ford,* 362 F.3d at 397.

The motion is **denied** as to Mr. Nolan's claim that there was black mold in his cell. Moreover, the current record before the Court shows that Mr. Nolan did file a grievance complaining of black mold and is therefore entitled to summary judgment on the defendants' affirmative defense of exhaustion on the mold claim. Therefore, **pursuant to Rule 56(f)(1), the Court gives the defendants notice of its intent to grant summary judgment in the plaintiff's**

---

[2] The Court notes that the defendants further argue that Mr. Nolan failed to exhaust his available administrative remedies because he did not timely file his grievance. Mr. Nolan complained in his grievance that he had been at the jail for seven months and that there was fecal matter in the day room. Dkt. 31-1, p. 13. Because the grievance policy requires a grievance to be filed within 72 hours of an incident, the defendants conclude that Mr. Nolan's grievance was not timely. But Mr. Nolan's grievance identifies an ongoing situation and thus was likely not untimely. *See Ellis v. Vadlamudi*, 568 F.Supp. 2d. 778, 783-84 (E.D. Mich. 2008) ("a grievance that identifies the persistent failure to address [those conditions] must be considered timely as long as the prison officials retain the power to do something about it."); *see also Meeks v. Suliene*, No. 11-C-0054, 2012 WL 5985482, at *3 (E.D. Wis. Nov. 29, 2012) (finding that a grievance filed in October of 2010 was sufficient to exhaust available administrative remedies for all claims relating to an ongoing condition, explaining "Meeks' claims of deliberate indifference should not be viewed as isolated incidents, but as an allegation of inadequate medical care over the course of years by multiple prison healthcare staff members.").

**favor on this issue**. The defendants have **through November 16, 2020**, in which to respond to the Court's proposal. Alternatively, the defendants may withdraw his affirmative defense by this date.

**IT IS SO ORDERED.**

Date:   10/14/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO NOLAN
204926
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com